# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AREWAY ACQUISTION, INC., *et al.,*[1] | : | Case No. 20-11065 |
| | : | (*Jointly Administered*) |
| Reorganized Debtors. | : | |
| | : | Judge Jessica E. Price Smith |

| | | |
|---|---|---|
| AREWAY ACQUISITION, INC., Reorganized Debtor, | : | Adv. Pro. No. 22-01010-jps |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OHIO CAREER CENTER, LLC, | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Areway Acquisition, Inc., ("Plaintiff" or the "Debtor"), reorganized debtor herein, hereby submits this Motion for Summary Judgment ("Motion"), pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Civil Rule"), made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankr. Rule"). The grounds for this Motion are that all elements required for avoidance of the transfers at issue as preferences exist and that the Defendant Ohio Career Center, LLC ("Defendant") is unable to establish a valid defense. No genuine issue of material fact exists in these respects, the Defendant cannot meet its burden to demonstrate otherwise, and the Debtor is entitled to judgment as a matter of law.

A memorandum in support of this Motion follows.

---

[1] The Reorganized Debtors in these jointly administered chapter 11 cases are: Areway Acquisition, Inc., Crown Metal Finishing, Inc. and Yourway Coatings, LLC.

This Motion is also supported by the attached Declaration of Jessica Sparks in Support of Plaintiff's Motion for Summary Judgment (the "Sparks Declaration") and the exhibits hereto.

**MEMORANDUM IN SUPPORT**

**Introduction**

Plaintiff filed this adversary proceeding seeking to avoid and recover as preferences, pursuant to sections 547 and 550 of title 11 (the "Bankruptcy Code") of the United States Code, certain transfers (the "Transfers") (or their value) made by the Debtor for the benefit of Defendant, on account of antecedent debts owed by the Debtor before the Transfers were made, while the Debtor was insolvent, within the ninety (90) days period prior to the commencement of the Debtor's case, and that enabled the Defendant to receive more than the Defendant would receive if the Debtor's case was a case under chapter 7 of the Bankruptcy Code, the Transfers had not been made and the Defendant would have received payment of such debts to the extent provided by the Bankruptcy Code, and the Defendant is unable to establish a valid defense herein. For the reasons set forth below, the Debtor submits that there are no genuine issues of material facts relating to the foregoing, and, as a matter of law, the Debtor is therefore entitled to summary judgment in its favor under Civ. R. 56 granting the avoidance and authorizing recovery of the Transfers.

**Background Facts**

The Debtor provides in-house machining, automated polishing and buffing, powder and liquid painting services to its customers [Case² Doc. No. 5, ¶ 2]. After suffering a series of financial setbacks, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on February 25, 2020 (the "Petition Date") [Case Doc. No. 1].

On October 5, 2020, this Court entered an order [Case Doc. No. 291] approving the

---

² References herein to the Case are to the main bankruptcy case No. 20-11065 docket.

2

22-01009-jps    Doc 8    FILED 08/05/22    ENTERED 08/05/22 15:14:29    Page 2 of 19

Debtor's proposed disclosure statement as amended [Case Doc. No. 278] (the "Disclosure Statement") under section 1125 of the Bankruptcy Code as containing 'adequate information.' As part of the Disclosure Statement, the Debtor submitted the required liquidation analysis showing, among other things, that unsecured creditors would receive low fractional recoveries in a chapter 7 liquidation of the Debtor. Disclosure Statement, pp. 68 – 70.

On December 8, 2020, this Court entered an order [Case Doc. No. 374] (the "Confirmation Order") confirming the Debtor's chapter 11 plan of reorganization dated September 14, 2020 [Case Doc. No. 265] (the "Plan"). The Plan provides that the Debtor is vested exclusively with the power to prosecute avoidance actions, such as this action. Plan at p. 12.

Prior to the Petition Date, the Debtor contracted with the Defendant for temporary staffing services and in connection therewith was advised that the Defendant factored its receivables through an entity known as Regal Resources Group, LLC ("Regal"). Sparks Declaration at ¶ 3.

Either the Defendant (directly) or Regal (on behalf of Defendant) invoiced the Debtor for the Defendant's services and those invoices directed the Debtor to pay Regal for the benefit of the Defendant. Sparks Declaration at ¶ 4.

Pursuant to its factoring agreement, Regal has (like all factors) a chargeback right for factored invoices that are not paid. See Exhibit A, at pp. 7 – 8, a true and correct copy of a document produced informally by Defendant.

Within the ninety (90) days prior to the Petition Date, the Debtor made the Transfers to Regal by ACH for the benefit of the Defendant as follows:

| Transfer Date | Transfer Amount | For Invoice No. | Invoice Date (over/under 30-day contractual terms) |
| --- | --- | --- | --- |
| 11/29/2019 | 5,874.83 | 003200 | 11/24/2019 (-25) |
| 12/02/2019 | 5,887.05 | 002802 | 09/15/2019 (+48) |
| 12/06/2019 | 10,430.05 | 002841 | 09/23/2019 (+44) |

3

|            |            | 003240 | 12/01/2019 (-25) |
|------------|------------|--------|------------------|
| 12/13/2019 | 6,875.31   | 002841 | 09/23/2019 (+51) |
| 12/20/2019 | 5,643.40   | 003321 | 12/15/2019 (-25) |
| 12/27/2019 | 5,385.61   | 003360 | 12/22/2019 (-25) |
| 01/03/2020 | 2,231.46   | 003398 | 12/29/2019 (-25) |
| 01/10/2020 | 2,263.77   | 003439 | 01/05/2020 (-25) |
| 01/17/2020 | 4,503.25   | 003475 | 01/12/2020 (-25) |
| 01/24/2020 | 4,637.58   | 003514 | 01/19/2020 (-25) |
| 01/27/2020 | 6,000.00   | 002884 | 09/19/2019 (+90) |
| 02/03/2020 | 4,899.68   | 003555 | 01/26/2020 (-22) |
| 02/10/2020 | 4,750.29   | 003592 | 02/02/2020 (-22) |
| 02/14/2020 | 3,568.72   | 003631 | 02/09/2022 (-25) |
| Total:     | $ 72,951.00 |        |                  |

Sparks Declaration at ¶ 5.

As indicated in the foregoing table, each of the Transfers were made on account of invoices (the "Invoices") issued by the Defendant prior to the dates of the related Transfers. Sparks Declaration at ¶ 6. Copies of invoices issued to Plaintiff are attached as Exhibit B.[3]

## LAW AND ARGUMENT

### Summary Judgment Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitle to judgment as a matter of law. Civil Rule 56(c), made applicable herein by Bankr. Rule 7056. Where, as here, there are no material factual disputes, summary judgment resolving avoidance action issues is appropriate. *See, e.g., In re Southern Indus. Banking Corp.*, 189 B.R. 697 (Bankr. E.D. Tenn. 1992); *In re Florence Tanners, Inc.*, 184 B.R. 520 (Bankr. E.D.Mich.1995); *In re National Lumber and Supply, Inc.*, 184 B.R. 74 (9th Cir. BAP (Cal.) 1995).

---

[3] While some of these invoices were issued in the name of the Defendant, certain of the others arrived from Regal in blank and were marked by Plaintiff as relating to the Defendant.

To preclude summary judgment, the non-moving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to judgment for the movant. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). Specifically, the non-moving party must present affirmative evidence on critical issues sufficient to allow the finder of fact to return a verdict in its favor. *Id.* In order to avoid summary judgment, the non-moving party's evidence "must be more than 'merely colorable.'" *Front Row Theatre v. American Manufacturer's Mutual Ins. Cos.*, 18 F.3d 1343, 1346 (6th Cir. 1994), (*quoting Anderson v. Liberty Lobbying, Inc.*, 477 U.S. 242, 249-50 (1986)).

### Preferences and Applicable Burden of Proof

The determination of whether a transfer of funds is an avoidable transfer is governed by section 547(b) of the Bankruptcy Code which provides as follows:

> (b) Except as provided in subsections (c), (i), and (j) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
>   (A) on or within 90 days before the date of the filing of the petition; or
>
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
>   (A) the case were a case under chapter 7 of this title;
>
>   (B) the transfer had not been made; and

5

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Pursuant to section 547(g) of the Bankruptcy Code, the initial burden of establishing each of the elements of section 547(b) is on the trustee (here, the Debtor) and a majority of courts have long held that the burden must be met by a preponderance of the evidence. *In re Ralar Distributors, Inc.*, 4 F.3d 62 (1st Cir. 1993); *but see In re Cleveland Graphic Reproduction, Inc.*, 78 B.R. 819 (Bankr. N.D. Ohio 1987) (to establish that transfer is voidable preferential transfer, debtor bears burden of persuasion that is to be carried by clear and convincing evidence to show that transfer is to or for benefit of creditor, is for antecedent debt owed by debtor, was made while debtor was insolvent, was within 90 days of petition-filing, and caused creditor to receive more than he would have received had case been filed under Chapter 7).

**The Transfers are Avoidable and Recoverable**

In this proceeding, the un-controvertible evidence establishes each of the required elements for avoidance of the Transfers under both the preponderance and the clear and convincing standards. As demonstrated by the record of this case, as supplemented by the Sparks Declaration and the Exhibits hereto, the Transfers were made by the Debtor for the benefit of the Defendant, on account of antecedent debts (represented by the Invoices) owed by the Debtor before the Transfers were made, while the Debtor was insolvent (in accordance with the statutory presumption of insolvency set forth in section 547(f) of the Bankruptcy Code), within the ninety (90) day period prior to the Petition Date, and that enabled the Defendant to receive more than the Defendant would receive if the Debtor's case was a case under chapter 7 of the Bankruptcy Code, the Transfers had not been made and the Defendant would have received payment of such debts to the extent provided by the Bankruptcy Code. Accordingly, the Transfers are avoidable, and as

such may be recovered under section 550 of the Bankruptcy Code.

## No Exceptions to Avoidance Apply

As noted above, section 547(c) excepts from avoidance certain transfers. Those exceptions (to the extent potentially applicable) are as follows:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—

(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B) made according to ordinary business terms;

…

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

11 U.S.C. § 547(c).

Once the trustee meets his burden of establishing the elements under section 547(b) of the Bankruptcy Code, the burden shifts to the party opposing avoidance to establish the defenses under section 547(c). 11 U.S.C. § 547(g). *In re Terrific Seafoods, Inc.*, 197 B.R. 724 (Bankr. D. Mass. 1996) (in preference proceeding, trustee has burden of proving all elements of existence of preference, while opposing parties carry burden of proving nonavoidability). Discovery has

concluded and the Defendant has failed to offer any evidence establishing a defense under section 547(c) of the Bankruptcy Code, or otherwise.

On February 22, 2022, counsel for the Defendant contacted Plaintiff, stating that the current owners acquired the Defendant effective February 1, 2020 and that 11 of the 14 Transfers therefore occurred before their ownership. See Exhibit C. The Defendant further alleged that the services were not even provided by the Defendant, but instead involved another entity known as MH Personnel, which was asserted to be a separate business that operated out of the same address as the Defendant and was owned by the same individual that owned the Defendant and that had sold the business to the current ownership. *Id.*[4] However, at no time was Plaintiff advised of a change in service provider from the Defendant to MH Personnel. Sparks Declaration, ¶ 7. There is no contract between M&H Personnel and Plaintiff or other documentation substantiating that MH Personnel took over from the Defendant at any time. Sparks Declaration, ¶ 8. In fact, there is no evidence from the office of the Ohio Secretary of State that an entity named MH Personnel ever registered to do business in Ohio. Nor was any evidence found after investigation that an entity named MH Personnel operated out of Defendant's former address. The Defendant's counsel admitted, however, that the Transfers at issue were made to a factoring company known as Regal Resources that had a contract with both the Defendant and MH. *Id.*

In response to follow-up inquiry relative to the form of the alleged acquisition (*i.e.*, stock sale versus asset acquisition), counsel for Defendant was only able to produce a copy of an

---

[4] Interestingly, the Defendant's counsel also attached invoices that purport to be from MH Personnel (without indicating how he came into possession of those documents) and indicate at the bottom of the invoice that remittance is to be made to Regal for the benefit of "OC Centers." See Exhibit D, true and correct copies of documents produced informally by Defendant. In any event, those documents conflict with the records of the Debtor which indicate the Invoices were sent by or on behalf of the Defendant.

unsigned membership unit purchase agreement, stating that he did not have a signed copy. See Exhibit E, a true and correct copy of a document produced informally by the Defendant. So, even assuming a signed copy of the agreement exists, a change in the underlying equity ownership of Defendant by itself does not as a matter of law affect liability of the Defendant entity itself.

In response to Plaintiff's discovery, the Defendant made only general denials and unsupported claims that defenses applied and pointed to the documents referenced herein. See Exhibit F.[5] In transmitting that response, the Defendant stated that no further documents existed. See Exhibit G.

Plaintiff has obtained a judgment (by default) against both MH Personnel and Regal in a separate proceeding to recover the Transfers. Efforts to sort out the underlying facts of what appears to be a shell-game have, however, been unavailing. The Defendant has failed to respond substantively to follow up inquiries and instead threatens sanctions at every turn. Nothing has been produced evidencing any transfer of the business relationship with Plaintiff from the Defendant to MH Personnel. Copies of correspondence produced informally by Defendant reflect overlapping personnel.[6] Despite repeated requests, no account or business records, no agreements either with

---

[5] Paradoxically, Defendant has also informally alleged at various times that the Transfers are excepted from avoidance as transfers made in the ordinary course of business but has offered no evidence to substantiate this bare allegation in the face of the facts that the agreed payment terms between the parties was net 30 days. As indicated by the above chart, the Transfers were not made according to contractual terms, but instead ranged from five days after the invoice date to 90 days after the invoice date. See *In re Tolona Pizza Products Corp.*, 3 F.3d 1029, 1032 (7th Cir. 1993) (payments outside of agreed terms generally not in ordinary course). The defendant has not asserted, let alone substantiated, any other defense under section 547(c) of the Bankruptcy Code.

[6] As a prime example, on June 10, 2019 Plaintiff received an email from a Garrett Phemister using an MH Personnel email introducing himself as writing on behalf of the Defendant:

> From: **Garrett Phemister <mhpersonnel@icloud.com>**
> Sent: Monday, June 10, 2019 3:33 PM
> To: Sparks, Jessica <JSparks@arewayacq.com>

Plaintiff directly or between the Defendant and MH Personnel, nothing has been produced. As the evidence nonetheless instead indicates, the Defendant here – either directly or through Regal – invoiced the Debtor for services rendered and payments therefor were made by the Debtor to Regal for the benefit of the Defendant. Because the other elements of section 547(b) apply, the Transfers are therefore avoidable and recoverable from the Defendant. And until that recovery is had, this Defendant is properly subject to this action. This Motion should be granted.

CONCLUSION

For all of the foregoing reasons, the Debtor prays for summary judgment against the Defendant as follows:

A. On Count One of the Complaint filed herein, for an Order avoiding all Transfers made by the Debtor to the Defendant during the 90-day period following the Petition Date pursuant to section 547 of the Bankruptcy Code.

B. On Count Two of the Complaint, for judgment in the aggregate amount of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

C. On Count Three of the Complaint, for an order disallowing pursuant to section 502(d) of the Bankruptcy Code in full any and all claims of the Defendant, filed or unfiled, until the Defendant has returned to the estate all Transfers that are avoidable.

---

Subject: Me :)

**This is Garrett Phemister, from Ohio Career Center**. I really appreciate you time today and can not wait to learn your business. The email to reach me at is mhpersonnel@icloud.com and my phone number is +14692697189. Let me know what day and time that works for you to show me around.

Thank you again

Garrett R Phemister

10

D. On all Counts of the Complaint, for any such other and further relief as this Court may deem necessary and proper.

DATED: August 5, 2022

Respectfully submitted,

By: /s/ Jeffrey M. Levinson
Jeffrey M. Levinson (0046746)
Levinson, LLP
3601 Green Road, Suite 200
Beachwood, Ohio 44122
Tel. 216.514.4935
jml@jml-legal.com

Attorney for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of August, 2022 the foregoing "Plaintiff's Motion for Summary Judgment" were served was served by electronic mail upon Counsel for Defendant:

Stephen J. Pruneski, Esq.
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333-8398
(330) 376-5300
(330) 258-6559 (fax)
SPruneski@bdblaw.com

By: /s/ Jeffrey M. Levinson
Jeffrey M. Levinson

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AREWAY ACQUISTION, INC., *et al.*,[1] | : | Case No. 20-11065 |
| | : | *(Jointly Administered)* |
| Reorganized Debtors. | : | |
| | : | Judge Jessica E. Price Smith |

| | | |
|---|---|---|
| AREWAY ACQUISITION, INC., Reorganized Debtor, | : | Adv. Pro. No. 22-01010-jps |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OHIO CAREER CENTER, LLC, | : | |
| | : | |
| Defendant. | : | |

## DECLARATION OF JESSICA SPARKS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Jessica Sparks, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am employed by the Debtor[2] and my duties include the oversight of the Debtor's accounts payable and operations. I make this declaration based on my personal knowledge of the Debtor's business records and operations and I am competent to testify as to the facts contained in this declaration.

2. I submit this declaration in support of the Motion.

---

[1] The Reorganized Debtors in these jointly administered chapter 11 cases are: Areway Acquisition, Inc., Crown Metal Finishing, Inc. and Yourway Coatings, LLC.

[2] Capitalized terms used herein have the meanings given such terms in the Plaintiff's Motion for Summary Judgment filed August 5, 2022.

3. Prior to the Petition Date, the Debtor contracted with the Defendant for temporary staffing services and in connection therewith was advised that the Defendant factored its receivables through an entity known as Regal Resources. See Exhibit 1 attached hereto.

4. Either the Defendant (directly) or Regal (on behalf of Defendant) invoiced the Debtor for the Defendant's services and the Invoices directed the Debtor to pay Regal for the benefit of the Defendant.

5. Within the ninety (90) days prior to the Petition Date, the Debtor made the Transfers to Regal by ACH for the benefit of the Defendant as follows:

| Transfer Date | Transfer Amount | For Invoice No. | Invoice Date (over/under 30-day contractual terms) |
|---|---|---|---|
| 11/29/2019 | 5,874.83 | 003200 | 11/24/2019 (-25) |
| 12/02/2019 | 5,887.05 | 002802 | 09/15/2019 (+48) |
| 12/06/2019 | 10,430.05 | 002841 | 09/23/2019 (+44) |
|  |  | 003240 | 12/01/2019 (-25) |
| 12/13/2019 | 6,875.31 | 002841 | 09/23/2019 (+51) |
| 12/20/2019 | 5,643.40 | 003321 | 12/15/2019 (-25) |
| 12/27/2019 | 5,385.61 | 003360 | 12/22/2019 (-25) |
| 01/03/2020 | 2,231.46 | 003398 | 12/29/2019 (-25) |
| 01/10/2020 | 2,263.77 | 003439 | 01/05/2020 (-25) |
| 01/17/2020 | 4,503.25 | 003475 | 01/12/2020 (-25) |
| 01/24/2020 | 4,637.58 | 003514 | 01/19/2020 (-25) |
| 01/27/2020 | 6,000.00 | 002884 | 09/19/2019 (-90) |
| 02/03/2020 | 4,899.68 | 003555 | 01/26/2020 (-22) |
| 02/10/2020 | 4,750.29 | 003592 | 02/02/2020 (-22) |
| 02/14/2020 | 3,568.72 | 003631 | 02/09/2022 (-25) |
| Total: | $ 72,951.00 |  |  |

6. As indicated in the foregoing table, each of the Transfers were made on account of invoices issued prior to the dates of the related Transfers.

7. At no time was Plaintiff advised of a change in service provider from the Defendant to any other entity, including an entity named MH Personnel.

2

8. There is no contract between Plaintiff and M&H Personnel or other documentation that MH Personnel took over from the Defendant at any time.

Dated: August 5, 2022

*Jessica Sparks*
Jessica Sparks

3

# EXHIBIT 1

# Jeffrey Levinson

**From:** Sparks, Jessica <JSparks@arewayacq.com>
**Sent:** Thursday, February 24, 2022 2:00 PM
**To:** Jeffrey Levinson
**Subject:** FW: Invoices from Ohio Career Center
**Attachments:** ACH enrollment.pdf; Debtor Letter.docx; Areway.pdf; Areway.pdf

**From:** Matt Hogan <matt.hogan@regalresourcesgroup.com>
**Sent:** Tuesday, April 23, 2019 9:42 PM
**To:** Sparks, Jessica <JSparks@arewayacq.com>
**Subject:** Invoices from Ohio Career Center

My apologies for this being late.  We came into the account at the 11th hour and are playing catch up.  We are still in the process of adding you to our computer system, so we had to do manual invoices for these two weeks.  By next week, everything should be good and we will provide you with the normal invoicing.

As you may or may not be aware, Regal Resources Group LLC has entered into a factoring arrangement with Ohio Career Center, who is currently providing you with temporary help.  Please find attached a letter explaining that relationship.  Please let me know if you have any questions on this business relationship.

Attached please find invoices for week ending 4/14 and 4/21.  Please let me know if you have any questions or issues with these invoices.

As you can see, these invoices should be made payable to REGAL RESOURCES GROUP LCC and be sent to the address on the invoice.

Since you are a new Client of ours, we try and gather some quick info the first time we contact you.  We GREATLY appreciate the small amount of time needed to please quickly answer a few questions to make things go smoother moving forward.

1)  To whom at what e-mail address should be send the invoices to each week?  Do we need to CC anyone else?
2)  What are your normal payment terms?  I was told 10 days.  We ask this to make sure our expectations on payment line up with your payment terms and we do not contact you unnecessarily unless you have breached your normal payment terms.
3)  If we have any questions on invoices or payments, whom should we contact at what e-mail and phone number please?

Please answer these questions back via e-mail ASAP so we can update the records on our side.

--
Please confirm receipt of this e-mail and please let me know if you have any questions.  Thanks and please have a great day.

# Matt Hogan

Regal Resources Group L.L.C.
3060 Highlands Parkway SE, Suite G

Smyrna, GA 30082-5180
Office--678-842-5858 Ext. 1
Toll Free--888-725-5838 Ext. 1
Cell--404-803-8982
Fax--404-935-0257



O: 888-725-5838   O: 678-842-5858
C: 404-803-8982   F: 404-935-0257
matt.hogan@regalresourcesgroup.com
www.regalresourcesgroup.com
3060 Highlands Parkway SE, Suite G
Smyrna, GA 30082-5180

August 5, 2022

Accounts Payable Manager
Areway Acquisition

Dear Accounts Payable Manager,

Regal Resources Group LLC (hereinafter referred to as Regal) is writing this letter to inform you Ohio Career Center has entered into a financing agreement under which Regal has been sold/assigned and granted a security interest in all of Ohio Career Center outstanding and future accounts as well as the exclusive right to receive payment on all such accounts.

Accordingly, to the extent you currently owe Ohio Career Center for any outstanding accounts, based on invoices issued to you from the date of this letter or may in the future become indebted to Ohio Career Center on any accounts, payment must be made **PAYBLE TO REGAL RESOURCES GROUP LLC** at the following address:

**Regal Resources Group LLC**
**For the benefit of Ohio Career Center**
**PO Box 896622**
**Charlotte, NC 28289-6622**

If you desire to pay via ACH or bank wire, that information is as follows:

**BB&T**
**Routing Number—061 113 415**
**Account Number—000 524 7498909**

Payment made to any other person or location will not satisfy or discharge your obligation.  This notice of assignment and request for payment is effective immediately and cannot be revoked or modified unless done so in writing.

If you need any additional information or have any questions, please feel free to contact me at the numbers or e-mail listed above.  Thanks and please have a great day.

Sincerely,


Matt Hogan